## MARKS v. JOHNSON.

A person whose property was confiscated for the benefit of the state, is still liable to the subjects of the same state for his antecedent contracts.

ERROR from the Court of Common Pleas.   The defendant in error, being executrix of the last will and testament of Jabez Thomson, deceased, brought her action on note, against Marks; to which he pleaded — That subsequent to his giving the note, viz. in the year 1779, process was duly instituted against him, for having joined, and put himself under the protection of the enemies of the United States:    That all his estate was adjudged to be forfeit to this state, and was ordered to be confiscated accordingly:    That commissioners were duly and legally appointed to receive and examine all claims upon said estate; and that the plaintiff (now defendant in error) did exhibit the note on which, etc. to said commissioners, for them to allow; and that they did allow the balance due on said note against said estate, being £12 18s. 2d. and afterwards duly made their report of the allowance of said debt, as well as the other debts against said estate, to the Court of Probate, which report was accepted by said court. All which doings were previous to the late treaty of peace, between the United States and Great Britain.

Replication.— That the whole of said confiscated estate, which came to the hands of the administrator, did not amount to a sum sufficient to pay more than nine shillings two pence on the pound, of the debts that were claimed and allowed on said estate.    And the plaintiff never received any more than £5 13s. 9d. being her whole dividend, out of the estate of the defendant, on said note; and that the residue still remains unpaid; and that she

did not receive said sum in payment and discharge of said debt: That the defendant, at the time of his going to the enemy, held and detained his books, notes, and papers, which secured to him the payment of large sums of money, which he hath never delivered up, nor has the administrator ever been able to collect the moneys due thereon, which would have enabled him to have paid the whole of the plaintiff's demand allowed by the commissioners: And the whole of the estate of which the defendant was proprietor, at the time of his going to the enemy as aforesaid, hath never come into the hands of the administrator.

To this there was a demurrer, and joinder in demurrer, and judgment by the Court of Common Pleas, was for the plaintiff.

Errors assigned:—

1. That it appears by the record, that all the estate, both real and personal, of the plaintiff in error, was confiscated, and commissioners, and an administrator appointed thereon; he was considered as dead in law, and therefore an action, after said political death, could not be maintained against him for any breach of contract, or for any injury happening before said death.

2. That it appears by the record, that the defendant in error recovered part of her debt out of said confiscated estate; she therefore made her election to recover it in that mode, and may not now sue the person of the plaintiff in error, for the recovery of the remainder.

3. That it also appears, that there were book debts, bonds and notes, in the hands of the plaintiff in error, which were also confiscated with said other estate, sufficient to pay the whole of said demand; but the defendant in error hath never used any legal or coercive measures to obtain the same.

Mr. Ingersol, for the plaintiff in error, contended — That after the attainder and judgment of confiscation, the plaintiff was *civiliter mortuus,* and that no action for any antecedent contract, or trespass, would lie against him personally: That the law in all respects treats him as a dead person; his estate is proceeded with as such; an administrator is appointed, and commissioners, to examine the claims upon the estate. It is absurd, that the debtor who contracted should be called upon personally, after his estate has been thus settled. He has withdrawn from this political society, as much as if he was naturally dead. The whole of his estate being confiscated, the administrator is the only person to be called upon by the creditor; and may undoubtedly recover such estate as hath not yet come to his hands.

Mr. Hillhouse, for the defendant in error, contended — That the statute which subjected the estate of Marks to confiscation, was intended as a punishment for a political offense; but was it to operate in nature of a statute of bankruptcy, and discharge the debtor from all antecedent contracts, it would become a great benefit, instead of a punishment; and more especially, as the judgment of confiscation extended only to such property as was within the jurisdiction of this state.

By the whole COURT. The defendant's loss of property, by forfeiture and confiscation, does not discharge him of his debts; nor does it, that they have been admitted, in favor to the creditors, as a lien upon the property confiscated. The creditors are at liberty to waive that benefit, or having availed themselves of it, as far as it would extend, still for the remainder, to sue the debtor with whom they contracted. The defendant did not, by the act of confiscation, become *civiliter*

*mortuus*, as hath been urged, but was still capable of acquiring property, and of holding what he then might have out of the state: Nor was the confiscation intended for his benefit, and to defeat his creditors; but it still leaves him personally liable for his antecedent debts, until they are in fact paid.

This judgment was afterwards affirmed in the Supreme Court of Errors.